FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

JUN 18  4 11 PM '92

RAL         ACH.
BY          DEPUTY
AT    KA, KS.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RURAL TELEPHONE SERVICE )
COMPANY, INC., )
                                      )
            Plaintiff, )
vs.                                  )   Case No. 83-4086-R
                                      )
FEIST PUBLICATIONS, INC., )
                                      )
            Defendant. )
_____)

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant Feist Publications, Inc.'s (Feist) motion for attorney's fees pursuant to 17 U.S.C. § 505. Feist contends that it is a prevailing party on plaintiff Rural Telephone Service Company, Inc.'s (RTSC) copyright claims, and thus it is entitled to attorney's fees under section 505. Having carefully reviewed the file, the court is now prepared to rule.

RTSC has raised two procedural objections to Feist's motion. First, RTSC contends the court should not consider the motion because Feist failed to include a memorandum in support of the motion as required by D.Kan.Rule 206(a). Second, RTSC asserts the court should not consider the motion because Feist has not specifically sought attorney's fees in its pleadings.

We do not find either of these matters precludes consideration of Feist's motion. The court agrees that Feist failed to comply with the Local Rules in filing the instant motion. Nevertheless, we find no prejudice to RTSC, so we shall consider Feist's motion.

The second contention is more troublesome. The court's review of the law on the matter reveals that courts have reached differing conclusions on the need to specifically request attorney's fees in pleadings. Some courts, relying upon the language of Fed.R.Civ.P. 9(g), have indicated that a party waives its right to attorney's fees if a specific request for attorney's fees is not made in the pleadings. In re American Casualty Co., 851 F.2d 794, 802 (6th Cir. 1988); Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc., 474 F.2d 840, 843 (3d Cir. 1973); Western Casualty & Surety Co. v. Southwestern Bell Telephone Co., 396 F.2d 351, 356 (8th Cir. 1968). Other courts, relying upon the language of Fed.R.Civ.P. 54(c), have held that attorney's fees can be awarded even though they were not requested in the pleadings. Esposito v. Barnard, 883 F.2d 217, 218 (3d Cir. 1989); Engel v. Teleprompter Corp., 732 F.2d 1238, 1240 (5th Cir. 1984); Klarman v. Santini, 503 F.2d 29, 36 (2d Cir. 1974), cert. denied, 419 U.S. 1110 (1975). We have not discovered any Tenth Circuit cases on this issue, but we are inclined to follow those courts that have relied upon Rule 54(c) in allowing attorney's fees, even if a party has not specifically requested them, particularly where there is no prejudice to the opposing party. Here, we find no prejudice to RTSC in considering the instant motion. Accordingly, the objections raised by RTSC are found to be without merit. We shall proceed to the merits of Feist's motion.

In 1983, RTSC filed this action. RTSC alleged that Feist had infringed its copyright on the white pages of its 1982-1983

2

telephone directory by copying those white pages to produce the white pages of the Feist telephone directory. The court subsequently granted summary judgment to RTSC on this claim, and it was affirmed on appeal but ultimately reversed by the United States Supreme Court. Rural Telephone Service Co., Inc. v. Feist Publications, Inc., 663 F.Supp. 214 (D.Kan. 1987), aff'd without pub. opin., 916 F.2d 718 (10th Cir. 1990), rev'd, 111 S.Ct. 1282 (1991). The Supreme Court determined that the white pages of a telephone directory were not entitled to copyright protection. Feist then filed the instant motion for fees.

Under the Copyright Act, a court in a civil action may in its discretion allow the recovery of full costs by or against any party other than the United States. 17 U.S.C. § 505. The court may also award reasonable attorney's fees to "the prevailing party" as part of the costs. Id.

The issue to be initially determined here is what standard should be applied when the prevailing party is the defendant rather than the plaintiff. The courts have reached differing conclusions on this matter. The Tenth Circuit has never addressed the problem.

The Second, Seventh and Ninth Circuits employ a "dual standard" allowing a prevailing defendant to recover attorney's fees only if the court determines that the plaintiff's infringement claim was frivolous, baseless, unreasonable, or brought in bad faith. Diamond v. Am-Law Publishing Corp., 745 F.2d 142, 148 (2d Cir. 1984); Video Views, Inc. v. Studio 21, Ltd., 925 F.2d 1010, 1022 (7th Cir.), cert. denied, 112 S.Ct. 181 (1991); Cooling

Systems and Flexibles, Inc. v. Stuart Radiator, Inc., 777 F.2d 485, 493-94 (9th Cir. 1985). In contrast, when the plaintiff prevails, attorney's fees will be granted as a matter of course, reflecting, according to the dual standard courts, the intended purpose of the fee-shifting statute: "to encourage the assertion of colorable copyright claims and to deter infringement." Diamond, 745 F.2d at 148. RTSC urges adoption of the dual standard with its bad faith rule in this case.

The Third and Eleventh Circuits have rejected the dual standard, preferring an "evenhanded" approach that does not differentiate between plaintiffs and defendants when awarding fees. Lieb v. Topstone Industries, Inc., 788 F.2d 151, 155 (3d Cir. 1986); Sherry Mfg. Co. v. Towel King, Inc., 822 F.2d 1031, 1034 (11th Cir. 1987). These courts find no authority for a dual standard in the express language of the fee-shifting statute. Lieb, 788 F.2d at 155; Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 832 (11th Cir. 1982). Feist argues that the evenhanded approach should be followed here.

Having carefully considered these authorities, the court believes that the dual standard employed by the Second, Seventh and Ninth Circuits is the better approach. This means that a defendant in a copyright action will be awarded attorney's fees only where the plaintiff's suit was frivolous, baseless, or prosecuted in bad faith. This rule assures that a plaintiff who brings a colorable claim under the copyright laws will not be penalized for attempting to vindicate those rights. The adoption of the evenhanded rule of

the Third and Eleventh Circuits would deter an individual from filing a copyright action, in contravention of the Copyright Act's intention to encourage such suits. We concur with the statements of the Second Circuit in Roth v. Pritikin, 787 F.2d 54 (2d Cir. 1986) in setting forth the rationale for the adoption of the dual standard approach for the award of attorney fees in copyright actions:

> The determination of whether a prevailing party is entitled to an award of attorneys' fees depends, in part, upon whether the plaintiff or defendant prevails. Because the Copyright Act is intended to encourage suits to redress copyright infringement, fees are generally awarded to a prevailing plaintiff. The logical converse of this legislative purpose, however, requires that attorneys' fees to prevailing defendants be awarded circumspectly to avoid chilling a copyright holder's incentive to sue on "colorable" claims. This is particularly true since an award of attorneys' fees is deemed to serve the additional purpose of penalizing the losing party.

Id. at 57 (citations omitted).

We believe that our position is strengthened by an examination of the United States Supreme Court's treatment of the issue of the right of prevailing defendants to receive attorney's fees in civil rights actions under the Civil Rights Attorney's Fees Awards Act of 1976 and Title VII of the Civil Rights Act of 1964. Both of these Acts, in language identical to that in the Copyright Act, provide that courts "in their discretion, may allow the prevailing party . . . a reasonable attorney's fee" as an element of costs. 42 U.S.C. § 1988; 42 U.S.C. § 2000e-5(k). In Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978), the Supreme Court held that under Title VII, prevailing plaintiffs "should ordinarily recover an attorney's

5

fee unless special circumstances would render such an award unjust," while prevailing defendants may only be awarded fees when the plaintiff brings a "frivolous, unreasonable, or groundless" action. Id. at 421. In Hughes v. Rowe, 449 U.S. 5 (1980), the Supreme Court applied the Christianburg standards to the Civil Rights Attorney's Fees Awards Act. Id. at 14. In Christianburg, the Supreme Court examined the purpose and practical application of Title VII's fee-shifting provision, revealing a crucial equitable justification for distinguishing between plaintiffs and defendants: "when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law;" when awards are made to prevailing defendants, this is not the case. 434 U.S. at 418.

The court shall now consider whether RTSC's claim was frivolous, unreasonable or brought in bad faith. We are unable to make such a finding after a thorough review of the file in this case. We note that at the time RTSC initiated this lawsuit, the law was squarely on RTSC's side. See, e.g., Hutchinson Telephone Co. v. Fronteer Directory Co., 770 F.2d 128 (8th Cir. 1985); Central Telephone Co. of Virginia v. Johnson Publishing Co., 526 F.Supp. 838 (D.Colo. 1981). In accordance with those decisions, this court granted summary judgment to RTSC on its copyright claims. On appeal, the Tenth Circuit affirmed this court's order in a short, unpublished opinion. We recognize that these decisions were reversed by the Supreme Court, but this occurrence certainly does not render RTSC's claims groundless. In sum, while RTSC's

copyright claim was ultimately unsuccessful, it was not frivolous or lacking in arguable merit. In addition, even if the court had adopted the evenhanded standard, we would not in our discretion allow attorney's fees to Feist under the circumstances of this case. See, e.g., Lieb, 788 F.2d at 156 (in applying evenhanded approach, court should consider factors such as frivolousness, motivation, and objective unreasonableness). The aforementioned discussion concerning the state of law at the time this action was filed, as well as other factors, suggests that an award of attorney's fees would not be appropriate. Accordingly, the court will not award attorney's fees to Feist.

**IT IS THEREFORE ORDERED** that defendant's motion for attorney's fees (Doc. # 151) be hereby denied.

**IT IS SO ORDERED.**

Dated this 18th day of June, 1992 at Topeka, Kansas.

United States District Judge